Alexander D. Terepka (SBN 288243)
alex@wtlaw.com
WATSTEIN TEREPKA LLP
515 South Flower Street, 19th Floor
Los Angeles, California 90071
T: (213) 839-3317

*Attorney for Defendant Hey Dude Inc.*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STEFANIE BRYANT, *individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>HEY DUDE INC.,<br><br>Defendant. | **CASE NO.:** 2:24−CV−03679−DJC−AC<br><br>**DEFENDANT HEY DUDE, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLAINT**<br><br>Complaint Filed: Dec. 23, 2024<br><br>Honorable Daniel J. Calabretta |

Defendant Hey Dude, Inc. ("Defendant"), by and through its undersigned counsel, hereby submits its Answer and Affirmative Defenses to Plaintiff Stefanie Bryant's Class Action Complaint ("Complaint") as follows:

## NATURE OF ACTION[1]

1. Defendant admits that Plaintiff purports to bring this action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA"). Defendant denies the remaining allegations and expressly denies violating the TCPA.

2. Denied.

3. Defendant admits that Plaintiff purports to seek injunctive relief and statutory damages on behalf of a proposed class. Defendant denies the remaining allegations and expressly denies that Plaintiff or any purported class are entitled to any relief whatsoever.

## PARTIES

4. Defendant lacks knowledge or information sufficient to form a belief about the truth of these allegations and, therefore, denies them.

5. Admitted.

6. Defendant admits that Plaintiff purports to define the term "Defendant" to include third parties outside of Defendant's control. Defendant denies the remaining allegations.

## JURISDICTION, AND VENUE

7. These allegations are not well-pleaded facts but legal conclusions that require no response. To the extent a response is required, the cited federal statute speaks for itself. Defendant denies the remaining allegations.

8. These allegations are not well-pleaded facts but legal conclusions that require no response. To the extent a response is required, Defendant admits that Plaintiff's number appears to have a California area code. Defendant denies the remaining allegations.

---

[1] For the Court's convenience, Defendant has incorporated the "headings" that appear in the Complaint, as well as the formatting from those headings. However, Defendant does not necessarily agree with and does not admit the characterizations of such headings unless specifically admitted herein; nor does Defendant waive any right to object to those characterizations.

## FACTS

9. These allegations are not well-pleaded facts but legal conclusions that require no response. To the extent a response is required, Defendant states the TCPA speaks for itself. Defendant denies the remaining allegations.

10. These allegations are not well-pleaded facts but legal conclusions that require no response. To the extent a response is required, Defendant states the TCPA and its regulations speak for themselves. Defendant denies the remaining allegations.

11. Denied.

12. Denied.

13. Defendant lacks knowledge or information sufficient to form a belief about the truth of these allegations and, therefore, denies them.

14. Denied.

15. Defendant lacks knowledge or information sufficient to form a belief about the truth of these allegations and, therefore, denies them.

16. Defendant lacks knowledge or information sufficient to form a belief about the truth of these allegations and, therefore, denies them.

17. Denied.

18. Denied.

19. Denied.

## CLASS ALLEGATIONS

**PROPOSED CLASS**

20. Defendant admits that Plaintiff purports to bring this action on behalf of a putative class. Defendant denies the remaining allegations and specifically denies that any class is authorized by Fed. R. Civ. P. 23.

21. Defendant admits that Plaintiff purports to reserve the right to modify the class described in Paragraph 20. Defendant denies the remaining allegations and specifically denies that any class is authorized by Fed. R. Civ. P. 23.

22. Defendant admits that Plaintiff purports to exclude certain individuals enumerated in this paragraph from the putative class. Defendant denies the remaining allegations and specifically denies that any class is authorized by Fed. R. Civ. P. 23.

**NUMEROSITY**

23. Denied.

24. Denied.

**COMMON QUESTIONS OF LAW AND FACT**

25. Denied.

26. Denied.

**TYPICALITY**

27. Denied.

**PROTECTING THE INTERESTS OF CLASS MEMBERS**

28. Denied.

**SUPERIORITY**

29. Denied.

30. Denied.

**COUNT I**
**VIOLATIONS OF 47 U.S.C. 227(C) AND 64.1200(C)**
(On Behalf of Plaintiff and the Class)

31. Defendant incorporates by reference all its foregoing responses as if fully set forth herein.

32. These allegations are not well-pleaded facts but legal conclusions that require no response. To the extent a response is required, Defendant states the TCPA's regulations speak for themselves. Defendant denies the remaining allegations.

33. These allegations are not well-pleaded facts but legal conclusions that require no response. To the extent a response is required, Defendant states the TCPA's regulations speak for themselves. Defendant denies the remaining allegations.

34. These allegations are not well-pleaded facts but legal conclusions that require no response. To the extent a response is required, Defendant states the TCPA speaks for itself. Defendant denies the remaining allegations.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

Defendant denies the allegations in Plaintiff's unnumbered "Prayer for Relief" and specifically denies that Plaintiff or any purported class is entitled to any relief whatsoever.

## DEMAND FOR JURY TRIAL

Defendant denies that any of the allegations set forth in the Complaint allege triable issues against Defendant.

## DOCUMENT PRESERVATION DEMAND

Defendant admits that Plaintiff purports to demand that Defendant preserve all relevant records. Except as expressly admitted, Defendant denies the remaining allegations.

## GENERAL DENIAL

Defendant denies any and all allegations set forth in the Complaint that are not specifically admitted herein.

## FIRST AFFIRMATIVE DEFENSE

**(Personal Jurisdiction)**

Plaintiff's claims fail because this Court lacks personal jurisdiction over Defendant. Defendant is not subject to the general personal jurisdiction of this Court because it is not "at home" in California. Nor is it subject to specific personal jurisdiction because Defendant did not purposefully avail itself of this forum or purposefully direct any suit-related conduct to Plaintiff or California.

**SECOND AFFIRMATIVE DEFENSE**

**(Subject Matter Jurisdiction)**

The Court lacks subject matter jurisdiction over Plaintiff's claims.

**THIRD AFFIRMATIVE DEFENSE**

**(Failure to State a Cause of Action)**

The Complaint fails to allege facts sufficient to state a cause of action against Defendant. For example, Plaintiff fails to allege sufficient facts to show that Defendant made any "telephone solicitations" within the meaning of the TCPA.

**FOURTH AFFIRMATIVE DEFENSE**

**(Subject to Terms of Service, Including Consent and Arbitration)**

To the extent that Plaintiff and/or the putative class agreed to or are otherwise bound by certain terms and conditions, their claims are barred by their contractual consent to receive telephone calls and messages like those Plaintiff complains of, an agreement to arbitrate their claims on individual bases, and their agreement to exclusive remedies and damages limitations.

**FIFTH AFFIRMATIVE DEFENSE**

**(Consent)**

Plaintiff and/or the putative class members are barred from asserting their claims in whole or in part to the extent the calls at issue were made with the recipients' prior express invitation or permission and/or consent and that consent was either irrevocable or was not effectively revoked.

**SIXTH AFFIRMATIVE DEFENSE**

**(Acquiescence, Estoppel, Waiver, Fraud, Conspiracy and Unclean Hands)**

Plaintiff and/or the putative class members are barred from asserting their claims, in whole or in part, by the doctrines of acquiescence, estoppel, waiver, and/or unclean hands.  For example, Plaintiff and/or the putative class members cannot assert claims under the TCPA against Defendant to the extent they or others voluntarily provided telephone numbers for the purpose of receiving messages like those referenced in the Complaint.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

To the extent Plaintiff alleges TCPA violations that fall outside the applicable statute of limitations, Plaintiff's claims are barred.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Laches)**

Plaintiff and the putative class members are barred from asserting their claims in whole or in part by the doctrine of laches.

**NINTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate Damages)**

Plaintiff and the putative class members are barred from asserting their claims in whole or in part by their failure to mitigate damages.

**TENTH AFFIRMATIVE DEFENSE**

**(No Knowing or Willful Misconduct)**

Any claim for treble damages is barred because Defendant did not engage in knowing or willful misconduct.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(No Proximate Cause)**

Defendant did not proximately cause any damages, injury, or violation alleged in the Complaint. Instead, to the extent any harm occurred, the acts of third parties (such as vendors, Plaintiff, or other persons who provided the number on which Plaintiff was allegedly called and texted) proximately caused any damages, injuries, or violations at issue, to the extent they occurred.

## TWELFTH AFFIRMATIVE DEFENSE

**(Standing)**

Plaintiff and the putative class members lack standing to bring the claims alleged in the Complaint, especially to the extent Plaintiff and/or others voluntarily provided their numbers for the purpose of receiving messages like those referenced in the Complaint.

## THIRTEENTH AFFIRMATIVE DEFENSE

**(Fault of Third Parties)**

To the extent that the Complaint states a claim, third parties or Plaintiff and/or the putative class members themselves caused or were responsible for the alleged harm.

## FOURTEENTH AFFIRMATIVE DEFENSE

**(No Agency or Vicarious Liability and Proportional Allocation of Fault)**

Any damages, injury, violation, or wrongdoing alleged in the Complaint was caused by third parties or Plaintiff and/or putative class members for which Defendant cannot be held vicariously liable. Further, Defendant did not authorize, ratify, encourage, participate in, aid, abet, or assist in any of the conduct of which the Complaint complains and cannot be held liable for it. For example, to the extent vendors caused any damages, injury, violations of the law or wrongdoing or engaged in the conduct of which the Complaint complains, vendors acted outside the scope of the parties' agreement and Defendant did not approve of that conduct. As such, Defendant cannot be held vicariously liable and its liability, if any, must be eliminated or reduced by an amount proportionate to the fault attributable to third parties or Plaintiff.

## FIFTEENTH AFFIRMATIVE DEFENSE

**(Adequate Remedy at Law)**

The Complaint fails to state a claim for injunctive relief because Plaintiff has an adequate remedy at law. For example, the TCPA provides for statutory penalties of $500 to $1,500 per call, or monetary compensation for actual damages.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(First Amendment)**

The TCPA and the regulations and rules, interpretations, and other rulings promulgated thereunder violate the First Amendment of the United States Constitution. For example, they impose content-based restrictions on speech that fail to withstand strict scrutiny.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Due Process)**

The application of the TCPA upon which the Complaint is based, including the imposition of statutory damages on Defendant, would violate the Due Process provisions of the United States Constitution. For example, certain definitions contained in the TCPA render the statute unconstitutionally vague. Additionally, the statutory penalties sought by Plaintiffs are excessive.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Hobbs Act)**

The Hobbs Act cannot be validly or constitutionally applied to preclude Defendant from raising defenses to an action arising under the TCPA or rules or regulations promulgated thereunder.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Substantial Compliance with Laws)**

Defendant is not liable to Plaintiff because it acted reasonably and with due care and substantially complied with all applicable statutes, regulations, ordinances, and/or other laws.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Compliance with 47 C.F.R. § 64.1200(c)(2)(i))**

Any and all claims brought in the Complaint are barred in whole or in part because any violation of the TCPA occurred as a result of error, and, as part of its routine business practice, Defendant meets the standards set forth in 47 C.F.R. § 64.1200(c)(2)(i).

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Established Business Relationship)**

Any and all claims brought in the Complaint are barred to the extent Plaintiff and/or putative class members had business relationships with Defendant.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Not a Residential Number)**

Any and all claims brought in the Complaint are barred to the extent Plaintiff and/or putative class members were not called by Defendant at a residential number.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(Good Faith; Reasonable Practices)**

Any and all claims brought in the Complaint are barred because Defendant possessed a good faith belief that it was not committing any wrongdoing and any violations resulted from a *bona fide* error, despite reasonable practices to prevent violations of the TCPA and related regulations.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(Failure to Join Party or Name Proper Defendant)**

Any and all claims brought in the Complaint are barred, in whole or in part, by failure to join a necessary or indispensable party, and the failure to name the proper defendant.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(Excessive Fines)**

Any and all claims are barred, in whole or in part, because the TCPA violates the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

**TWENTY-SIXTH AFFIRMATIVE DEFENESE**

**(FCC Exceeding Delegated Authority)**

Plaintiff and/or putative class member's TCPA claims are barred to the extent they are based on regulations or rulings that exceed the FCC's delegated authority.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

**(No Private Cause of Action)**

To the extent the 47 C.F.R. § 64.1200(c)(1) was implemented under 47 U.S.C. § 227(d), Plaintiff and/or the putative class members have no private cause of action.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

**(Class Action Deficiencies)**

Plaintiff cannot satisfy the prerequisites set forth in Rule 23 of the Federal Rules of Civil Procedure to maintain this action as a class action. Further, Defendant hereby gives notice that in the event that this Court certifies a class, which Defendant denies would be appropriate, it reserves the right to adopt and incorporate by reference each and every applicable defense pleaded (and any others that may be appropriate at that point) to all members of such class.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

**(Reservation of Right to Assert Further Defenses)**

Defendant has not knowingly or intentionally waived any applicable defenses, and hereby gives notice that it intends to rely on such other and further affirmative defenses as may become available during discovery in this action. Defendant reserves the right to amend its Answer to assert any such defense.

**Prayer for Relief**

**WHEREFORE**, Defendant prays for judgment as follows:

1. That Plaintiff take nothing from Defendant by reason of this Complaint and that judgment be entered in favor of Defendant;

2. For dismissal of the Complaint with prejudice;

3. That the Court award costs and reasonable attorneys' fees;

4. For such other relief as the Court deems just and proper.

*[Signature Appears on Following Page]*

Respectfully submitted March 5, 2025.

                                                WATSTEIN TEREPKA LLP

                                        By: */s/ Alexander D. Terepka*
                                                   Alexander D. Terepka (SBN 288243)
                                                   alex@wtlaw.com
                                                 515 South Flower Street, 19th Floor
                                                 Los Angeles, California 90071
                                                 T: (213) 839-3317

                                            *Counsel for Defendant Hey Dude, Inc.*

## CERTIFICATE OF SERVICE

## STEFANIE BRYANT V. HEY DUDE, INC.

## 2:24−CV−03679−DJC−AC

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Los Angeles, State of California, and not a party to the above-entitled cause.

On March 5, 2025, I served a true and correct copy of **DEFENDANT HEY DUDE, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLAINT**

[ ]   By personally delivering it to the persons(s) indicated below in the manner as provided in FRCivP5(B)

[ ]   By depositing it in the United States Mail in a sealed envelope with the postage thereon fully prepaid to the following:

[X]   By ECF: On this date, I electronically filed the following document(s) with the Clerk of the Court using the CM/ECF system, which sent electronic notification of such filing to all other parties appearing on the docket sheet;

I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

I hereby certify under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

By: */s/ Alexander D. Terepka*
    Alexander D. Terepka

Place of Mailing: Atlanta, Georgia

Executed on March 5, 2025, at Atlanta, Georgia